UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY ALLAN HUBBARD,

    Petitioner,                                 CASE NO. 2:08-CV-13202
                                                       HONORABLE PAUL D. BORMAN
v.                                                         UNITED STATES DISTRICT JUDGE

LLOYD RAPELJE,

    Respondent,
_____/

**<u>OPINION AND ORDER (1) DENYING THE MOTION TO HOLD IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND (2) SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE.</u>**

    Rodney Allan Hubbard, ("Petitioner"), presently confined at the Saginaw Correctional Facility in Freeland, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 24, 2008, in which he challenges his convictions for first-degree murder, M.C.L.A. § 750.316; possession of a firearm in the commission of a felony, M.C.L.A. § 750.227b; and being a fourth felony habitual offender, M.C.L.A. § 769.12. Petitioner has also filed a motion to stay the proceedings and hold the petition in abeyance while he returns to the state courts to exhaust additional claims. For the reasons stated below, the Court will deny the motion to hold the petition for writ of habeas corpus in abeyance. The Court will also summarily dismiss the petition for writ of habeas corpus without prejudice.

**I. Background**

    Petitioner was convicted of the above offenses following a jury trial in the Berrien County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Hubbard,* No. 263300 (Mich. Ct. App. Jan. 25, 2007); *lv. den.* 480 Mich. 898; 738 N.W. 2d 769 (2007); *reconsideration*

1

*den.,* 480 Mich. 1006; 742 N.W. 2d 376 (2007). [1]

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

I. Defendant-Appellant is entitled to a new trial where he was denied effective assistance of counsel at trial.

II. Defendant-Appellant is entitled to a new trial where the trial court abused its discretion in denying the motion for a new trial.

III. Insufficiency of evidence.

IV. Actual innocence.

V. The defendant was denied due process by both the state and federal constitution as guaranteed under the state and federal constitutions, when the prosecution failed to clearly establish that the defendant was the actual voice on the tape which was presented before the jury as evidence.

VI. The defendant was denied due process under the 14th Amendment of the Constitution when the trial court failed to allow the prosecution's main witness, Odie Miller, to testify to the evidence being presented on the tape before the jury.

VII. The defendant's convictions are against the great weight of the evidence.

VIII. The defendant was denied due process under the 14th Amendment of the Constitution when the trial court failed to declare a mistrial when the trial counsel stated he erred in not requesting a voice analysis before trial to prepare the correct defense.

**II. Discussion**

The instant petition is subject to dismissal because it contains six claims which, by Petitioner's own admission, have not been properly exhausted with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his

---

[1] Petitioner does not indicate in his motion to hold the habeas petition in abeyance that he sought, and was denied reconsideration of, his application for leave to appeal from the Michigan Supreme Court. This Court obtained this information regarding the Michigan Supreme Court's denial of petitioner's motion for reconsideration from the Internet website for Westlaw. *See* www.westlaw.com. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See United States ex. rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003).

available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *Picard v. Connor*, 404 U. S. 270, 275-78 (1971). Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *Pliler v. Ford,* 542 U.S. 225, 230 (2004). The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *See Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

In the present case, Petitioner acknowledges that only his first two claims have been exhausted with the state courts on his direct appeal. Petitioner admits that his last six claims have not yet been exhausted with the state courts. Petitioner has an available state court remedy with which to exhaust his third through eighth claims. Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500. *See Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004). Petitioner could exhaust these claims by filing a motion for relief from judgment with the Berrien County Circuit Court under M.C.R. 6.502. A trial court is authorized to appoint counsel for Petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and(C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

Petitioner has failed to exhaust his state court remedies and still has an available state court remedy with which to do so. Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *See Rhines v. Weber,* 544 U.S. 269 (2005),

3

there are no exceptional or unusual circumstances present which would justify holding the instant petition for writ of habeas corpus in abeyance pending Petitioner's return to the state courts to exhaust his claims, rather than dismissing it without prejudice.

In the present case, the Michigan Supreme Court denied Petitioner's motion for reconsideration of their decision to deny his application for leave to appeal on December 28, 2007. For purposes of the one year statute of limitations for filing habeas corpus actions provided in 28 U.S.C. § 2244(d)(1)(A), a petitioner's "direct review" concludes on the date that the Michigan Supreme Court refuses to reconsider its decision denying leave to appeal. *See McClendon v. Sherman,* 329 F.3d 490, 493 (6th Cir. 2003). However, the one year statute of limitations under 28 U.S.C. § 2244(d)(1) did not begin to run on that day. Where a state prisoner has sought direct review of his conviction in the state's highest court but does not file a petition for certiorari with the U.S. Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run not on the date that the state court entered judgment against the prisoner, but on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). Because Petitioner did not seek a writ of certiorari with the United States Supreme Court, petitioner's judgment became final, for the purpose of commencing the running of the one year limitations period, on March 29, 2008, ninety days after the Michigan Supreme Court denied petitioner's motion for reconsideration. *See e.g. Grayson v. Grayson*, 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002).

Petitioner filed the instant petition with this Court on July 24, 2008, after less than three months had elapsed on the one year statute of limitations. This Court is dismissing the petition without delay so that petitioner can return to the state courts to exhaust these two claims. 28 U.S.C.

§ 2244(d)(2) expressly provides that the AEDPA's one year statute of limitations is tolled during the pendency of any state post-conviction motion filed by petitioner. Because Petitioner has almost an entire year remaining under the limitations period, and the unexpired portion of that period would be tolled during the pendency of Petitioner's state post-conviction proceedings, Petitioner would not be prejudiced if his habeas petition was dismissed without prejudice during the pendency of his motion for post-conviction relief. Thus, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for petitioner's claims. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 845-46 (E.D. Mich. 2001). Accordingly, the Court will dismiss the instant petition without prejudice, in lieu of holding the petition in abeyance, as Petitioner has requested.

### III. ORDER

Accordingly, it is **ORDERED** that Petitioner's motion to hold the habeas petition in abeyance is **DENIED.** (Dkt. No. 3).

**IT IS FURTHER ORDERED** that the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED.**

    s/Paul D. Borman  
    PAUL D. BORMAN  
    UNITED STATES DISTRICT JUDGE

Dated: July 30, 2008

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 30, 2008.

    s/Denise Goodine  
    Case Manager